# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:10cv252
### [Criminal No. 1:09mj66]

| | | |
|---|---|---|
| **HOWARD WILLIAM LEDFORD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| | ) | |
| **UNITED STATED OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before this court upon initial review of petitioner's Motion to Vacate and Set Aside Sentence (#1), filed on October 26, 2010. The court has conducted its initial review of the petition in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings. Such review reveals that petitioner has made the following contentions:

(I)   Whether Petitioner Received Ineffective Assistance of Trial Counsel in Negotiating and Entering Into the Plea Agreement With the Government, all in violation of the Sixth Amendment of the United States Constitution.

(II)  Whether Petitioner Received Ineffective Assistance of Trial Counsel in Dealings With the Government Subsequent to Filing the Plea Agreement, all in violation of the Sixth Amendment of the United States Constitution.

See Motion, at pp. 1-7.

As further required by Rule 4(b), the court has closely reviewed "the record of prior proceedings," including the entire transcript of the Sentencing Hearing. <u>See United States v. Ledford</u>, 1:09mj66 (W.D.N.C. 2010) (#39). Although petitioner has not mentioned such in his petition, such review has disclosed to the court that there may be additional facts that could support a claim of ineffective assistance of counsel. Review of the sentencing transcript reveals that the court may have erred in its sentencing of petitioner. Absent from such transcript is any mention by the court that the Guidelines were advisory; instead, the court believes that it mistakenly concluded that the advisory guideline range was not only presumptively correct and reasonable, but that the court was obligated to impose such sentence under the terms of the plea agreement:

> Well, if I apply the range, I don't have any choice other than to give him a sentence of 12 months. If I had a choice under the guideline range, I might do that, I might make a lesser choice, but from my reading of the sentencing Guidelines, I don't have any leeway at all. This is one of the most interesting cases of that nature that I've ever been presented with, because if I apply the Guidelines which you all have agreed to that I would, I don't have any choice.

Transcript of Sentencing Hearing (#39), at p.19. The court reached this conclusion because the plea agreement provided "that the appropriate sentence is one within 'the applicable guideline range . . . and that neither party will seek a departure from that range." (#2, at ¶ h). As reflected in the court's statement, it could well be argued that

the court did not realize that it could depart from the agreed-to-sentence by entering

a variant sentence based on the factors provided in 18, United States Code, Section

3553, as the availability of such a variant sentence was not raised by trial counsel for

defendant.  Such a conclusion would have been contrary to current case law.  See Rita

v. United States, 551 U.S. 338, 351 (2007) ("[T]he sentencing court does not enjoy

the benefit of a legal presumption that the Guidelines sentence should apply");

Kimbrough v. United States, 552 U.S. 85, 101  (2007) ("In sum, while the statute still

requires a court to give respectful consideration to the Guidelines, *Booker* permits the

court to tailor the sentence in light of other statutory concerns as well" (internal

quotation marks and citation omitted)).

　　　　Inasmuch as petitioner now seeks to vacate the court's judgment imposing a 12

month sentence based on ineffective assistance of counsel, the court finds that trial

counsel's apparent failure to request a variant sentence, trial counsel's apparent failure

to object to entry of a sentence that did not recognize that the sentencing Guidelines

are advisory, and appellate counsel's failure to raise the sentencing error on appeal

may all be relevant on the issue of  whether trial counsel and appellate counsel were

ineffective.  The Supreme Court held this year, as follows:

> Our case law is quite clear: The Guidelines no longer have mandatory
> and binding effect, and the sentencing court may not presume them
> correct or reasonable when it considers an individual sentencing
> decision.

<u>Dillon v. United States</u>, ___ U.S. ___, 130 S.Ct. 2683, 2699 (2010).

While a number of cases deal with recharacterization of a Section 2255 petition by the court and the warning it must give a *pro se* litigant when it does so, <u>see</u> <u>Piller v. Ford</u>, 542 U.S. 225 (2004) and <u>Castro v. United States</u>, 540 U.S. 375 (2003), none of those cases deal with  the court finding additional reasons that would likely support the petition while conducting a Rule 4(b) review.     Inasmuch as such was discovered in conducting the review required by Rule 4(b), the court will recharacterize the petition and add the following additional contentions in an abundance of caution:

(III)   Whether Trial Counsel was Ineffective for Failing to Inform the Court that it was Bound by the Plea Agreement or the Sentencing Guidelines, that the Guidelines are Advisory, and that the Court Could Enter a Variant Sentence, all in violation of the Sixth Amendment;

(IV)   Whether Appellate Counsel was Ineffective for Failing to Raise the Court's Error in Both Failing to Acknowledge During the Sentencing Hearing that the Guidelines are Advisory and Failing to Impose a Sentence Based on the Factors Provided Under 18, United States Code, Section 3553, all in violation of the Fifth Amendment.

The court will require the government to file an Answer or a Response to the four contentions.  The court will expedite the usual proceedings as it appears that petitioner is in custody and that it is most likely that the court would, if the judgment is vacated, impose a variant sentence (albeit active) below the advisory Guidelines range of 12 months based on the Section 3553 factors.

\* \* \*

The court acknowledges that it is in unchartered territory in recharacterizing a petition based on possible errors of counsel that the court discovered *sua sponte*, especially where those errors are rooted in what are perhaps the court's own mistakes; however, the court believes that it is obligated under the Code of Judicial Conduct to raise additional errors it discovers while conducting the required review under Rule 4(b) and allow the parties an opportunity to either resolve them, argue why they do or do not entitle petitioner to relief, or why the court is simply wrong in raising them *sua sponte*. The respondent may well be able to find case law indicating that the court cannot recharacterize a petition based on errors it has found or argue that these claims have been waived either in the plea agreement on in failing to first raise them on appeal, or that Rule 35, Federal Rules of Criminal Procedure, prevents this court from raising or considering such issues. In the absence of such arguments, however, the court finds Rule 1 of the Federal Rules of Civil Procedure[1] to be persuasive in the course of action now taken:

> These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed and administered to secure the <u>just</u>, speedy, and inexpensive determination of every action and proceeding.

Fed.R.Civ.P. 1 (emphasis added).

---

[1] The Federal Rules of Civil and Criminal Procedure are made applicable to Section 2255 proceedings by Rule 12 of the Rules Governing Section 2255 Proceedings.

To that end, the court will instruct respondent to file its Answer or other response within 14 days. Further, the court would invite (but by no means require) counsel for petitioner and counsel for the respondent to confer as to any other just and speedy resolution that might be available under Rule 4(b) of the Rules Governing Section 2255 Petitions.

**ORDER**

**IT IS, THEREFORE ORDERED** that the respondent Answer or otherwise Respond to the claims identified herein within 14 days.

Signed: November 1, 2010

Dennis L. Howell
United States Magistrate Judge